UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BENJAMIN CRUZ,

                                  Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER JOHN DOE # 1, POLICE OFFICER JOHN DOE # 2, POLICE OFFICER JOHN DOE # 3, POLICE OFFICER JOHN DOE # 4, POLICE OFFICER JOHN DOE # 5, and POLICE OFFICER JOHN DOE # 6,

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT BY CITY OF NEW YORK**

16-CV-603 (FB) (ST)

JURY TRIAL DEMANDED

       Defendant City of New York, by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### AS TO "CIVIL RIGHTS JURISDICTION"

       1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to proceed as stated therein, and that Plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of this Court as stated therein.

       2.     No response is required to paragraph "2" of the Complaint, as it is a demand for a jury trial and not an averment of fact.

### AS TO "VENUE"

       3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff purports to base venue as stated therein.

## AS TO "PARTIES"

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the City of New York maintains a police department, consistent with all applicable laws and rules, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department. Defendant also denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth concerning the John Doe defendants.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

## AS TO "FACTS UPON WHICH RELIEF IS CLAIMED"

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

## AS TO "NOTICE OF CLAIM"

30. Denies the allegations set forth in paragraph "30" of the Complaint, except admits that the Complaint in this matter was filed on February 5, 2016.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except admits that a document purporting to be a Notice of Claim was filed with the City of New York on or about April 2, 2015.

32. Admits the allegations set forth in paragraph "32" of the Complaint.

33. Admits the allegations set forth in paragraph "33" of the Complaint.

## AS TO "COUNT I"

34. In response to paragraph "34" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

40. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT II"

41. In response to paragraph "40" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

42. Denies the allegations set forth in paragraph "41" of the Complaint.

43. Denies the allegations set forth in paragraph "42" of the Complaint.

44. Denies the allegations set forth in paragraph "43" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

45. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT III"

46. In response to paragraph "44" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

47. Denies the allegations set forth in paragraph "45" of the Complaint.

48. Denies the allegations set forth in paragraph "46" of the Complaint.

49. Denies the allegations set forth in paragraph "47" of the Complaint.

50. Denies the allegations set forth in paragraph "48" of the Complaint.

51. Denies the allegations set forth in paragraph "49" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

52. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT IV"

53. In response to paragraph "50" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

54. Denies the allegations set forth in paragraph "51" of the Complaint.

55. Denies the allegations set forth in paragraph "52" of the Complaint.

56. Denies the allegations set forth in paragraph "53" of the Complaint.

57. Denies the allegations set forth in paragraph "54" of the Complaint.

58. Denies the allegations set forth in paragraph "55" of the Complaint.

59. Denies the allegations set forth in paragraph "56" of the Complaint.

60. Denies the allegations set forth in paragraph "57" of the Complaint.

61. Denies the allegations set forth in paragraph "58" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

62. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT V"

63. In response to paragraph "59" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

64. Denies the allegations set forth in paragraph "60" of the Complaint.

65. Denies the allegations set forth in paragraph "61" of the Complaint.

66. Denies the allegations set forth in paragraph "62" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

67. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT VI"

68. In response to paragraph "63" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

69. Denies the allegations set forth in paragraph "64" of the Complaint.

70. Denies the allegations set forth in paragraph "65" of the Complaint.

71. Denies the allegations set forth in paragraph "66" of the Complaint.

72. Denies the allegations set forth in paragraph "67" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

73. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT VII"

74. In response to paragraph "68" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

75. Denies the allegations set forth in paragraph "69" of the Complaint.

76. Denies the allegations set forth in paragraph "70" of the Complaint.

77. Denies the allegations set forth in paragraph "71" of the Complaint.

78. Denies the allegations set forth in paragraph "72" of the Complaint.

### AS TO "WHEREFORE" CLAUSE

79. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

### AS TO "COUNT VIII"

80. In response to paragraph "73" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

81. Denies the allegations set forth in paragraph "74" of the Complaint.

82. Denies the allegations set forth in paragraph "75" of the Complaint.

83. Denies the allegations set forth in paragraph "76" of the Complaint.

84. Denies the allegations set forth in paragraph "77" of the Complaint.

85. Denies the allegations set forth in paragraph "78" of the Complaint.

86. Denies the allegations set forth in paragraph "79" of the Complaint.

87. Denies the allegations set forth in paragraph "80" of the Complaint.

88. Denies the allegations set forth in paragraph "81" of the Complaint.

89. Denies the allegations set forth in paragraph "82" of the Complaint.

90. Denies the allegations set forth in paragraph "83" of the Complaint.

91. Denies the allegations set forth in paragraph "84" of the Complaint.

92. Denies the allegations set forth in paragraph "85" of the Complaint.

### AS TO "WHEREFORE" CLAUSE

93. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT IX"

94. In response to paragraph "86" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

95. Denies the allegations set forth in paragraph "87" of the Complaint.

96. Denies the allegations set forth in paragraph "88" of the Complaint.

## AS TO "WHEREFORE" CLAUSE

97. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "JURY TRIAL DEMANDED"

98. No response is required to the final paragraph of the Complaint, as it is a demand for a jury trial, and not an averment of fact.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

99. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

100. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

101. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has Defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

102.  To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

103.  At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions.  Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

104.  Punitive damages are not recoverable against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

105.  Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

106.  Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

107.  Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

108.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

109.    Plaintiff provoked any incident.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

110.    Plaintiff may have failed to mitigate damages.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

111.    Service of process upon one or more of the defendants was insufficient or untimely pursuant to Rule 4(m).

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

112.    There was probable cause for Plaintiff's detention.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

113.    To the extent that one or more officers used any force, it was reasonable, justified, and necessary to accomplish the officers' official duties and to protect their own physical safety and the safety of others.

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 29, 2016

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants City*
        100 Church Street, Room 3-176
        New York, New York 10007
        (212) 356-2347

By:    /s/
     Matthew Bridge
     *Assistant Corporation Counsel*
     Special Federal Litigation Division

TO: Donald E. Cameron, Esq. (By E.C.F.)
Law Offices of Donald E. Cameron
*Attorneys for Plaintiff*
139 Fulton Street, Suite 510
New York, NY 10038

Index No. 16-CV-603 (FB) (ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENJAMIN CRUZ,

                                    Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER JOHN DOE # 1, POLICE OFFICER JOHN DOE # 2, POLICE OFFICER JOHN DOE # 3, POLICE OFFICER JOHN DOE # 4, POLICE OFFICER JOHN DOE # 5, and POLICE OFFICER JOHN DOE # 6,

                                    Defendants.

**ANSWER TO COMPLAINT BY CITY OF NEW YORK**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street Rm 3-176*
*New York, New York  10007*

*Of Counsel: Matthew Bridge*
*Tel:  (212) 356-2347*
*NYCLIS No. 2016-003297*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2016 . . .*

*...................................................................Esq.*

*Attorney for.........................................................*