UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| BENJAMIN CRUZ, | : | **ECF CASE** |
|  | : |  |
| Plaintiff, | : | 2016 cv 0603 (FB) (SLT) |
| -against- | : |  |
|  | : |  |
| CITY OF NEW YORK, POLICE OFFICER SCOT | : | **AMENDED COMPLAINT** |
| PEDRICK (Shield 697), POLICE OFFICER JOSEPH | : | **and** |
| BURNSIDE (Shield 28832), POLICE OFFICER DANIEL | : | **DEMAND FOR JURY** |
| PAGAN (Shield 15375), POLICE OFFICER JACKSON | : | **TRIAL_____** |
| FUNARO (Shield 1672), and POLICE OFFICER | : |  |
| ALEXANDER LOPEZ (Shield # 20467), | : |  |
|  | : |  |
| Defendants. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT and DEMAND FOR JURY TRIAL
## (CIVIL RIGHTS)
## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of state law.  Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343(3) and (4).  Plaintiff also invokes the supplemental jurisdiction of this Court.  28 U.S.C. § 1367.

2.  Plaintiff demands jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VENUE

3.  Venue is properly laid within the Eastern District of the State of New York as the acts complained of by Plaintiff were committed by Defendants or occurred within said District or Defendants reside in said District.  28 U.S.C. § 1391.

## PARTIES

4.   Plaintiff BENJAMIN CRUZ, an Hispanic male, at all times material hereto, was a legal resident or citizen of the United States and resident of the City of New York and State of New York.

5.   Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

6.   The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK and, at all times material hereto, was the employer of Defendant POLICE OFFICER SCOT PEDRICK (Shield 697), Defendant POLICE OFFICER JOSEPH BURNSIDE (Shield 28832), Defendant POLICE OFFICER DANIEL PAGAN (Shield 15375), Defendant POLICE OFFICER JACKSON FUNARO (Shield 1672), and Defendant POLICE OFFICER ALEXANDER LOPEZ (Shield 20467), while employed by the New York City Police Department and acting within the scope of their employment.

7.   Defendant POLICE OFFICER SCOT PEDRICK (Shield 697), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

8.   Defendant POLICE OFFICER JOSEPH BURNSIDE (Shield 28832), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

9.   Defendant POLICE OFFICER DANIEL PAGAN (Shield 15375), at all times material hereto, was a duly appointed police officer of the New York City Police Department and

2

was acting in his individual capacity and under color of state law and within the scope of his employment.

10. Defendant POLICE OFFICER JACKSON FUNARO (Shield 1672), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

11. Defendant POLICE OFFICER ALEXANDER LOPEZ (Shield 20467), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

## FACTS UPON WHICH RELIEF IS CLAIMED

12. On or about February 7, 2015 at about 11:30 pm, inside 150 Linden Street, Brooklyn, New York, Plaintiff BENJAMIN CRUZ, an Hispanic male, was assaulted, without provocation or justification, by two or more police officers or other police personnel (*i.e.*, Defendant POLICE OFFICER SCOT PEDRICK (Shield 697), Defendant POLICE OFFICER JOSEPH BURNSIDE (Shield 28832), Defendant POLICE OFFICER DANIEL PAGAN (Shield 15375), Defendant POLICE OFFICER JACKSON FUNARO (Shield 1672), and Defendant POLICE OFFICER ALEXANDER LOPEZ (Shield 20467) (collectively, the "individual Defendants" or the "individual police officers")).

13. Some of the individual police officers or other police personnel were present during the occurrence of said assault, were in close proximity to and were watching the occurrence of said assault, and did nothing to prevent or to stop said assault upon Plaintiff.

3

14.   The acts constituting said assault include, without limitation, police officers or other police personnel: throwing and tossing Plaintiff down the public hallway from outside Apartment 4D at 150 Linden Street, Brooklyn, New York; throwing and tossing Plaintiff onto the walls and floor in said hallway; kicking Plaintiff about his head and body; stepping and stomping on Plaintiff about his head and body, including Plaintiff's back; extremely tightly handcuffing Plaintiff's wrists behind his back, causing cuts, bruises and swelling of Plaintiff's wrists.

15.   As a result of the said assault, Plaintiff was taken to the emergency room at Woodhull Hospital, Brooklyn, New York, by ambulance (*i.e.,* by the Fire Department of the City of New York Emergency Medical Service ("FDNY EMS")), and was escorted in the ambulance to the hospital by one or more of the police officers or other police personnel who participated in and/or observed said assault.

16.   Due to the within incident, Plaintiff required and received medical treatment while in police custody.

17.   One or more of the police officers or other police personnel falsely reported the cause of Plaintiff's injuries, blaming Plaintiff for his own injuries and thereby falsely exonerating themselves and their fellow police officers and/or other police personnel.

18.   Plaintiff's physical injuries as a result of the said assault include, without limitation: head injuries requiring CAT scan, contusions, bruises, cuts, bleeding, pain and suffering.

19.   As a result of said assault Plaintiff was unable to work or engage in his usual activities for approximately one month.

20.   As a result of the said assault, Plaintiff suffered loss of liberty and economic

4

injury.

21.   During the course of their assault upon Plaintiff, two or more of the individual Defendants or other police personnel used excessive force upon Plaintiff.

22.   During the course of the within incident, Plaintiff was maliciously and without justification placed in handcuffs by two or more of the individual Defendants or other police personnel.

23.   No criminal or other charges were filed against Plaintiff.

24.   Defendant CITY OF NEW YORK and one or more employees and /or agents of the New York City Police Department, including the individual Defendants, are responsible for the above illegal conduct against Plaintiff and are liable for Plaintiff's injuries.

25.   As a result of the within assault and handcuffing, Plaintiff was physically injured and suffered bruising, swelling and pain to his head, wrists, hands, fingers, shoulders, arms, chest, back, and legs as well as suffered dizziness and headaches, all due to the conduct of the Defendants.

26.   Plaintiff spent time in the custody of Defendants.

27.   Defendants CITY OF NEW YORK and  two or more of the individual Defendants or other police personnel committed the within actions and engaged in the within conduct for the common purpose of implementing the unjustifiable and malicious assault of Plaintiff in violation of his constitutional and civil rights.

28.   As a direct and proximate consequence of the matters alleged herein, Plaintiff suffered assault, physical injuries and disabilities, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and medical

expenses.

## NOTICE OF CLAIM

(RE: SUPPLEMENTAL CLAIMS)

29.  This action has been commenced within one year and ninety days after the causes of action of Plaintiff accrued.

30.  In connection with the February 7, 2015 incident, Plaintiff timely served a Notice of Claim upon Defendant City of New York on April 2, 2015, which is within the statutory period of limitations of 90 days.  *See* Exhibit A hereto, copy of Notice of Claim.

31.  Plaintiff testified at a hearing, pursuant to Section 50-H of the General Municipal Law of the State of New York, on June 30, 2015.

32.  Defendant City of New York has neither paid nor offered to settle any of Plaintiff's claims.

## COUNT I

(FEDERAL CLAIM - VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ILLEGAL SEIZURE/FALSE ARREST)

33.  Plaintiff restates and realleges paragraphs 1 - 32 *in haec verba*.

34.  By the conduct alleged herein, the Defendants deprived Plaintiff of his rights to be free from unlawful seizure, arrest, search, detention, and imprisonment, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

35.  The conduct of Defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States: The right of Plaintiff to be secure in his person and effects against unreasonable search

6

and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United

States; and the rights of Plaintiff to equal protection and due process under the Fourteenth

Amendment of the Constitution of the United States.

36.  Said acts or omissions, as alleged herein, were done by the Defendants

willfully, recklessly and oppressively without legal justification and for the purpose of depriving

Plaintiff of his constitutional rights under the law.

37.  The conduct of all named Defendants as described in paragraphs 1 - 36,

*supra*, constituted an illegal seizure and thus violations of Plaintiff's civil and constitutional

rights.

38.  The acts, conduct and behavior of Defendants, and each of them, were

performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason

of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a.    Enter judgment for Plaintiff as and for compensatory damages in
excess of $150,000.00.

b.    Enter judgment for Plaintiff as and for punitive damages in excess
of $150,000.00.

c.    Enter judgment for attorneys fees and costs of this action.

d.    Plaintiff demands trial by jury of all issues herein.

e.    Grant such other relief that law and justice requires.

## **COUNT II**

(FEDERAL CLAIM - VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS,

7

SELECTIVE ENFORCEMENT AND TREATMENT)

39. Plaintiff restates and realleges paragraphs 1 - 38 *in haec verba*.

40. By the conduct described herein, Plaintiff was selectively assaulted, searched, and detained, and/or otherwise treated discriminatorily in a manner that other non-Hispanic individuals are not treated.

41. Defendants selectively enforced laws and/or discriminated against Plaintiff by selectively assaulting, detaining, searching, harassing, and/or otherwise interfering with and mistreating Plaintiffs in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

42. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff as and for compensatory damages in excess of $150,000.00.

b. Enter judgment for Plaintiff as and for punitive damages in excess of $150,000.00.

c. Enter judgment for attorneys fees and costs of this action.

d. Plaintiff demands trial by jury of all issues herein.

e. Grant such other relief that law and justice requires.

## **COUNT III**

(FEDERAL CLAIM - VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS,

8

EXCESSIVE FORCE/ASSAULT)

43.  Plaintiff restates and realleges paragraphs 1 - 42 *in haec verba*.

44.  By the conduct alleged herein, the Defendants deprived Plaintiff of his right to be free from their use of unlawful and excessive force and assault as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

45.  The conduct of Defendants, and each of them, deprived Plaintiff of the right to be secure in his person and effects against excessive force and assault as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

46.  Said acts or omissions, as alleged herein, were done by the Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiff of his constitutional rights under the law.

47.  The conduct of all named Defendants as described in paragraphs 1 - 46, *supra*, constituted violations of Plaintiff's civil and constitutional rights and the illegal use of excessive force and assault against Plaintiff.

48.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a.     Enter judgment for Plaintiff as and for compensatory damages in excess of $150,000.00.

b.     Enter judgment for Plaintiff as and for punitive damages in excess of $150,000.00.

    c.       Enter judgment for attorneys fees and costs of this action.

    d.       Plaintiff demands trial by jury of all issues herein.

    e.       Grant such other relief that law and justice requires.

## **COUNT IV**

(FEDERAL CLAIM - VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS:
NEGLIGENT HIRING, TRAINING AND SUPERVISION )

49.  Plaintiff restates and realleges paragraphs 1 - 48 *in haec verba*.

50.  Each incident of false arrest, imprisonment and/or detention, search, seizure, excessive force, and assault by Defendant upon Plaintiff was illegal and without authority of law.

51.  The unlawful conduct of all Defendants as described in paragraphs 1 - 50, *supra*, was in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

52.  Defendant City of New York is guilty of negligent screening, hiring, training, supervising, monitoring, disciplining, correcting, retention and employment of the individual Defendants herein, as well as other law enforcement personnel.

53.  Defendant City of New York has acted with deliberate indifference to the constitutional and civil rights of Plaintiff and other individuals who come into contact with law enforcement personnel.

54.  Plaintiff was illegally, unreasonably, maliciously and without justification assaulted and handcuffed as a result of Defendant City of New York negligently allowing and failing to prevent Defendants and other police officers, detectives, sergeants and other law enforcement personnel from illegally, unreasonably and without justification assaulting, illegally

detaining, falsely arresting, falsely imprisoning, searching, abusing and humiliating individuals, without sanction, supervision or remedial training.

55.   Defendant City of New York's negligent screening, hiring, training, supervising, monitoring, disciplining, correcting, retention and employment of the individual Defendants, directly and proximately caused Defendants to abuse and violate Plaintiff's constitutional and civil rights.

56.   Each of the Defendants has acted with deliberate indifference to the Fourth and Fourteenth Amendment rights of Plaintiff, and Plaintiff's Fourth and Fourteenth Amendment rights have been violated.  By acting under color of state law to deprive Plaintiff of his rights under the Fourth and Fourteenth Amendments, Defendants are in violation of 42 § U.S.C. 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

57.   The conduct of all Defendants as described in paragraphs 1 - 56, *supra*, constitutes violations by Defendants of Plaintiff's federal constitutional and civil rights.

WHEREFORE, Plaintiff prays this Court:

     a.     Enter judgment for Plaintiff as and for compensatory damages in excess of $150,000.00.

     b.     Enter judgment for attorneys fees and costs of this action.

     c.     Plaintiff demands trial by jury of all issues herein.

     d.     Grant such other relief that law and justice requires.

## **COUNT V**

(VIOLATION OF NEW YORK STATE CONSTITUTION -

SUPPLEMENTAL CLAIM)

58.  Plaintiff restates and realleges paragraphs 1 - 57 *in haec verba*.

59.  The assault, excessive force, detention and other discriminatory and selective treatment of Plaintiff was illegal and without authority of law.

60.  The conduct of all named Defendants as described in paragraphs 1 - 59, *supra*, constituted violations of New York State constitutional law in that Defendants intentionally and deliberately interfered with Plaintiff's rights under Article 1 Section 11 of the Constitution of the State of New York guaranteeing him equal protection under the law and freedom from discrimination in his civil rights; and Plaintiff's rights under Article 1 Section 12 of the Constitution of the State of New York guaranteeing him right to be secure in his person and property against unreasonable searches and seizures.

61.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.      Enter judgment for Plaintiff as and for compensatory damages in excess of $150,000.00.

b.      Enter judgment for Plaintiff as and for punitive damages in excess of $150,000.00.

c.      Enter judgment for attorneys fees and costs of this action.

d.      Plaintiff demands trial by jury of all issues herein.

e.      Grant such other relief that law and justice requires.

12

## COUNT VI

### (NEGLIGENCE - SUPPLEMENTAL CLAIM)

62.  Plaintiff restates and realleges paragraphs 1 - 61 *in haec verba*.

63.  Each of the incidents regarding the Defendants' negligence towards Plaintiff was illegal and without authority of law.

64.  The conduct of all named individual Defendants as described in paragraphs 1 - 63, *supra*, constituted negligence in that said Defendants breached their duties to safeguard Plaintiff's person while Plaintiff was in their custody, and to refrain from engaging in conduct which would be reasonably likely to cause injury to Plaintiff's person, and by said breaches caused physical injuries to Plaintiff and which said injuries was reasonably foreseeable by Defendants, all in violation of the laws of the State of New York.

65.  The conduct of all named individual Defendants as described in paragraphs 1 - 64, *supra*, was malicious and wanton and constituted gross negligence.

66.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.    Enter judgment for Plaintiff as and for compensatory damages.

b.    Enter judgment for interest and costs of this action.

c.    Plaintiff demands trial by jury of all issues herein.

d.    Grant such other relief that law and justice requires.

## COUNT VII

13

(ASSAULT/BATTERY - SUPPLEMENTAL CLAIM)

67.  Plaintiff restates and realleges paragraphs 1 - 66 *in haec verba*.

68.  The conduct of all Defendants as described within constituted assaults and batteries upon Plaintiff.

69.  The assaults and batteries upon Plaintiff were illegal and without authority of law.

70.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

71.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.  Enter judgment for Plaintiff as and for compensatory damages.

b.  Enter judgment for Plaintiff as and for punitive damages.

c.  Enter judgment for attorneys fees and costs of this action.

d.  Plaintiff demands trial by jury of all issues herein.

e.  Grant such other relief that law and justice requires.

## COUNT VIII

(NEGLIGENT HIRING, TRAINING AND SUPERVISION - SUPPLEMENTAL CLAIM)

72.  Plaintiff restates and realleges paragraphs 1 - 71 *in haec verba*.

73.  The detention, false imprisonment, search, seizure, excessive force and

14

assault/battery of Plaintiff was illegal and without authority of law.

74.   The conduct of all Defendants as described in paragraphs 1 - 73, *supra*, was pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally detain, imprison, search, seize, use excessive force, assault/batter, and/or otherwise engage in unlawful conduct against individuals, in violation of the individuals' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and under Article 1 Sections 11 and 12 of the Constitution of the State of New York.   Said policy, practice, pattern, and/or custom is reflected not only in Defendants' detention, imprisonment, search, seizure, use of excessive force and assault/battery upon Plaintiff but in the detentions, imprisonments, searches, seizures, uses of excessive force and assaults/batteries upon other individuals by Defendants and other law enforcement personnel.

75.   Defendant City of New York is guilty of negligent screening, hiring, training, supervising, monitoring, disciplining, correcting, retention and employment of the individual Defendants herein, as well as other law enforcement personnel.

76.   Defendant City of New York has acted with deliberate indifference to the constitutional and civil rights of Plaintiff and other individuals who come into contact with its law enforcement personnel.

77.   Plaintiff was illegally, unreasonably and without justification detained, imprisoned, searched, and assaulted/battered due to Defendant City of New York permitting and/or failing to prevent the individual Defendants, as well as other police personnel, from illegally, unreasonably and without justification assaulting/battering, falsely detaining, falsely imprisoning, searching, abusing and humiliating individuals, without sanction, supervision or

15

remedial training.

78.  Defendant City of New York's negligent screening, hiring, training, supervising, monitoring, disciplining, correcting, retention and employment of the individual Defendants, and other police personnel, directly and proximately caused the individual Defendants, and other police personnel, to abuse and violate Plaintiff's constitutional and civil rights.

79.  Defendant City of New York devised, implemented, adopted, enforced, encouraged, ratified and sanctioned policies, practices, patterns, and customs which directly and proximately caused the individual Defendants to abuse and violate Plaintiff's constitutional and civil rights.

80.  Defendant City of New York's policy, practice, pattern, and custom directly and proximately resulted in the individual Defendants abusing and violating Plaintiff's constitutional and civil rights.

81.  Each of the Defendants acted with deliberate indifference to and in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and under Article 1 Sections 11 and 12 of the Constitution of the State of New York.

82.  The conduct of all Defendants as described in paragraphs 1 - 81, *supra*, constituted violations by Defendants of Plaintiff's federal and state constitutional and civil rights.

83.  The conduct of all Defendants as described in paragraphs 1 - 82, *supra*, was malicious and wanton and constituted gross negligence, and was without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

84.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.    Enter judgment for Plaintiff as and for compensatory damages.

b.    Enter judgment for Plaintiff as and for punitive damages.

c.    Enter judgment for attorneys fees and costs of this action.

d.    Plaintiff demands trial by jury of all issues herein.

e.    Grant such other relief that law and justice requires.

## COUNT IX

(RESPONDEAT SUPERIOR CLAIM AGAINST DEFENDANT CITY OF NEW YORK
UNDER NEW YORK COMMON LAW - SUPPLEMENTAL CLAIM)

85.  Plaintiff restates and realleges paragraphs 1 - 84 *in haec verba*

86.  The conduct of the individual Defendants occurred while they were on duty, in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees of Defendant City of New York.  As a result, Defendant City of New York is liable to Plaintiff under the doctrine of respondeat superior.

87.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.    Enter judgment for Plaintiff as and for compensatory damages.

b.    Enter judgment for Plaintiff as and for punitive damages

c.    Enter judgment for attorneys fees and costs of this action.

d.    Plaintiff demands trial by jury of all issues herein.

e.    Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

/s/Donald E. Cameron
DONALD E. CAMERON (DC9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiff
139 Fulton Street, Suite 510
New York, New York 10038
(212) 233-3348
declawyer@gmail.com

Dated: New York, New York
        June 8, 2016

18

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on June 15, 2016, I filed Plaintiff's **AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants.

## SERVICE LIST

New York City Law Department
100 Church Street
New York, NY 10007
Att'n: Matthew Bridge
Assistant Corporation Counsel
Special Federal Litigation Division
Room 3-176
(212) 356-2347
mbridge@law.nyc.gov

/s/Donald E. Cameron
DONALD E. CAMERON (DC9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiff Benjamin Cruz
139 Fulton Street, Suite 510
New York, New York 10038
(212) 233-3348
declawyer@gmail.com

2016 cv 0603 (FB) (SLT)

**ECF CASE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

BENJAMIN CRUZ,

Plaintiff,

-against-

CITY OF NEW YORK,
POLICE OFFICER SCOT PEDRICK (Shield 697),
POLICE OFFICER JOSEPH BURNSIDE (Shield 28832),
POLICE OFFICER DANIEL PAGAN (Shield 15375),
POLICE OFFICER JACKSON FUNARO (Shield 1672),
and
POLICE OFFICER ALEXANDER LOPEZ (Shield 20467),

Defendants.

_____

**AMENDED COMPLAINT and DEMAND FOR JURY TRIAL**

_____

DONALD E. CAMERON (DC9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiff
139 Fulton Street, Suite 510
New York, New York 10038
(212) 233-3348
declawyer@gmail.com

Dated: New York, New York
June 8, 2016