UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

BENJAMIN CRUZ,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK, POLICE OFFICER SCOT
PEDRICK (Shield 697), POLICE OFFICER JOSEPH
BURNSIDE (Shield 28832), POLICE OFFICER DANIEL
PAGAN (Shield 15375), POLICE OFFICER JACKSON
FUNARO    (Shield   1672),   POLICE   OFFICER
ALEXANDER LOPEZ (Shield # 20467),

                                        Defendants.

------------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT BY CITY OF
PEDRICK, BURNSIDE,
PAGAN, AND LOPEZ**

16-CV-603 (FB) (ST)

JURY TRIAL DEMANDED

          Defendants Pedrick, Burnside, Pagan, and Lopez ("Defendants"),[1] by their

attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to

the Amended Complaint, respectfully allege, upon information and belief, as follows:

                        **AS TO "CIVIL RIGHTS JURISDICTION"**

          1.       Deny the allegations set forth in paragraph "1" of the Amended

Complaint, except admit that Plaintiff purports to proceed as stated therein, and that Plaintiff

purports to invoke the jurisdiction and supplemental jurisdiction of this Court as stated therein.

          2.       No response is required to paragraph "2" of the Amended Complaint, as it

is a demand for a jury trial and not an averment of fact.

---

[1] Defendant City of New York submitted its Answer to the Amended Complaint on June 29,
2016 (Docket Entry No. 20).  The Court has extended Officer Funaro's time to answer the
Amended Complaint until September 12, 2016.

- 2 -

**AS TO "VENUE"**

3.      Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that Plaintiff purports to base venue as stated therein.

**AS TO "PARTIES"**

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

6.      Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that the City of New York maintains a police department, consistent with all applicable laws and rules, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.  Defendants also admit that Police Officers Pedrick, Burnside, Pagan, Funaro, and Lopez are employed by the City of New York as members of the New York Police Department.

7.      Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Police Officer Pedrick is employed by the City of New York as a member of the New York Police Department.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Police Officer Burnside is employed by the City of New York as a member of the New York Police Department.

9.      Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Police Officer Pagan is employed by the City of New York as a member of the New York Police Department.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Police Officer Funaro is employed by the City of New York as a member of the New York Police Department.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Police Officer Lopez is employed by the City of New York as a member of the New York Police Department.

## AS TO "FACTS UPON WHICH RELIEF IS CLAIMED"

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Amended Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint.

**AS TO "NOTICE OF CLAIM"**

29.　Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that the Complaint in this matter was filed on February 5, 2016.

30.　Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim was filed with the City of New York on or about April 2, 2015.

31.　Admit the allegations set forth in paragraph "31" of the Amended Complaint.

32.　Admit the allegations set forth in paragraph "32" of the Amended Complaint.

**AS TO "COUNT I"**

33.　In response to paragraph "33" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

34.　Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.　Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36.　Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.　Deny the allegations set forth in paragraph "37" of the Amended Complaint.

- 6 -

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

39.     No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT II"

40.     In response to paragraph "39" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

41.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

42.     Deny the allegations set forth in paragraph "41" of the Amended Complaint.

43.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

44.     No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT III"

45.     In response to paragraph "43" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

46.     Deny the allegations set forth in paragraph "44" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "46" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

51.     No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT IV"

52.     In response to paragraph "49" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

53.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

54.     Deny the allegations set forth in paragraph "51" of the Amended Complaint.

55.     Deny the allegations set forth in paragraph "52" of the Amended Complaint.

56.    Deny the allegations set forth in paragraph "53" of the Amended Complaint.

57.    Deny the allegations set forth in paragraph "54" of the Amended Complaint.

58.    Deny the allegations set forth in paragraph "55" of the Amended Complaint.

59.    Deny the allegations set forth in paragraph "56" of the Amended Complaint.

60.    Deny the allegations set forth in paragraph "57" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

61.    No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT V"

62.    In response to paragraph "58" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

63.    Deny the allegations set forth in paragraph "59" of the Amended Complaint.

64.    Deny the allegations set forth in paragraph "60" of the Amended Complaint.

65.    Deny the allegations set forth in paragraph "61" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

66. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT VI"

67. In response to paragraph "62" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

68. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

70. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "66" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

72. No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT VII"

73. In response to paragraph "67" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

74.     Deny the allegations set forth in paragraph "68" of the Amended Complaint.

75.     Deny the allegations set forth in paragraph "69" of the Amended Complaint.

76.     Deny the allegations set forth in paragraph "70" of the Amended Complaint.

77.     Deny the allegations set forth in paragraph "71" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

78.     No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

## AS TO "COUNT VIII"

79.     In response to paragraph "72" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

80.     Deny the allegations set forth in paragraph "73" of the Amended Complaint.

81.     Deny the allegations set forth in paragraph "74" of the Amended Complaint.

82.     Deny the allegations set forth in paragraph "75" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "76" of the Amended Complaint.

84.     Deny the allegations set forth in paragraph "77" of the Amended Complaint.

85.     Deny the allegations set forth in paragraph "78" of the Amended Complaint.

86.     Deny the allegations set forth in paragraph "79" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "80" of the Amended Complaint.

88.     Deny the allegations set forth in paragraph "81" of the Amended Complaint.

89.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "83" of the Amended Complaint.

91.     Deny the allegations set forth in paragraph "84" of the Amended Complaint.

## AS TO "WHEREFORE" CLAUSE

92.     No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

**AS TO "COUNT IX"**

93.     In response to paragraph "85" of the Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this Answer, as if set forth fully herein.

94.     Deny the allegations set forth in paragraph "86" of the Amended Complaint.

95.     Deny the allegations set forth in paragraph "87" of the Amended Complaint.

**AS TO "WHEREFORE" CLAUSE**

96.     No response is required to the "Wherefore" clause, including all its subparts, as it is a prayer for relief, and not an averment of fact.

**AS TO "JURY TRIAL DEMANDED"**

97.     No response is required to the final paragraph of the Complaint, as it is a demand for a jury trial, and not an averment of fact.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

98.     The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

99.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

100.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision

thereof, nor have Defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

101.   To the extent that the Amended Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

102.   At all times relevant to the acts alleged in the Amended Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions.  Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

103.   Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

104.   Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

105.   Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

106.    Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

107.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

108.    To the extent that one or more Defendants used any force, it was reasonable, justified, and necessary to accomplish the Defendants' official duties and to protect their own physical safety and the safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

109.    Plaintiff provoked any incident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

110.    Plaintiff may have failed to mitigate damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

111.    There was probable cause for Plaintiff's detention.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

112.    Defendants Pedrick, Burnside, Pagan, and Lopez have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and is therefore entitled to qualified immunity.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

113.    At all times relevant to the acts alleged in the Amended Complaint, defendants Pedrick, Burnside, Pagan, and Lopez acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions.  Therefore, defendants Pedrick,

Burnside, Pagan, and Lopez are entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

114.    Service of process upon one or more of the defendants was insufficient or untimely pursuant to Rule 4(m).


**WHEREFORE,** defendants Pedrick, Burnside, Pagan, and Lopez respectfully request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated:        New York, New York
              July 13, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City, Pedrick, Burnside,*
                                        *Pagan, and Lopez*
                                        100 Church Street, Room 3-176
                                        New York, New York 10007
                                        (212) 356-2347


                                        By:        /s/
                                                  Matthew Bridge
                                                  *Assistant Corporation Counsel*
                                                  Special Federal Litigation Division


TO:        Donald E. Cameron, Esq. (By E.C.F.)
           Law Offices of Donald E. Cameron
           *Attorneys for Plaintiff*
           139 Fulton Street, Suite 510
           New York, NY  10038

Index No. 16-CV-603 (FB) (ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENJAMIN CRUZ,

                                                        Plaintiff,

                              -against-

CITY OF NEW YORK, POLICE OFFICER SCOT PEDRICK
(Shield 697), POLICE OFFICER JOSEPH BURNSIDE (Shield
28832), POLICE OFFICER DANIEL PAGAN (Shield 15375),
POLICE OFFICER JACKSON FUNARO (Shield 1672), POLICE
OFFICER ALEXANDER LOPEZ (Shield # 20467),

                                                        Defendants.

**ANSWER TO AMENDED COMPLAINT BY PEDRICK,
BURNSIDE, PAGAN, AND LOPEZ**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Pedrick, Burnside, Pagan, and Lopez*
*100 Church Street Rm 3-176*
*New York, New York  10007*

*Of Counsel: Matthew Bridge*
*Tel:  (212) 356-2347*
*NYCLIS No. 2016-003297*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .................................................., 2016 . . .*

*...................................................................................Esq.*

*Attorney for...........................................................................*