

| ZACHARY W. CARTER<br>Corporation Counsel | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | PAUL H. JOHNSON<br>phone: (212) 356-2656<br>fax: (212) 356-3509<br>pajohnso@law.nyc.gov |

March 27, 2017

**VIA ECF**
Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Benjamin Cruz v. City of New York, et al.</u>
                 16-CV-603 (FB) (PK)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent defendants in the above-referenced matter. Defendant writes in response to plaintiff's motion for sanctions dated March 20, 2017. Defendants state the motion should be dismissed because plaintiff's motion was filed under seal and plaintiff's counsel never served defendants with a copy of the letter. Further, plaintiff's never conferred with defendants regarding deficiencies they found with defendants prior productions, to the extent they are complaining about prior productions produced by defendants in their motion. Defendants' further move to compel plaintiff's to produce the address of non-party witness Oneida Kelly, plaintiff's former girlfriend and a witness to the events at issue in this matter. Defendants have repeatedly requested plaintiff produce an updated address for this witness and asked plaintiff's counsel to agree to a date for the deposition of the non-party witness, but plaintiff and his counsel has not done so.

### Plaintiff Never Served Motion for Sanctions on Defendants

      Plaintiff filed motion for leave for file motion for Sanctions on March 13, 2017. The Court granted plaintiff's permission to file motion for sanctions under seal on March 20, 2017. Plaintiff filed said motion under seal on March 20, 2017. But plaintiff's counsel never served or emailed a copy of the letter for sanctions to defendants. Therefore, defendants simply have no idea what plaintiff's objections may be that warrant a motion for sanctions and the motion should be dismissed.

By way of background, on March 3, 2017 Plaintiff emailed defendants objecting to the redactions made in prior productions to plaintiff and stated it thought the production was deficient. Defendants responded to plaintiff's email by stating that defendants had redacted the birth dates and social security numbers of all police officers and redacted the names of non-party police officers. Defendants further stated that because the police officers were represented by the City of New York, plaintiff was prohibited from contacting them without contacting the Law Department first and that if plaintiff's had an objection to these redactions they were asked to state them to defense counsel and defendants would consider their objections. Defendants further stated that it would review the record and supplement the production as necessary. On March 15, 2017, defendants supplemented the production. Plaintiff never responded to defendants explanations for the redactions, nor did it respond to defendants further production of documents. Instead, plaintiff proceeded to file the motion for sanctions instead.

Defendants were able to read plaintiff's supplemental motion for sanctions dated March 19, 2017 which stated that plaintiff was now in possession of the deposition transcript of plaintiff as well as further disciplinary documents. Defendants are unaware if plaintiff mentioned the lack of a deposition transcript in his motion for sanctions, as defendants never received a copy of it. As well, plaintiff never raised the issue in any communications with defendants about the lack of a deposition transcript. That said, as soon as defendants received the deposition transcript it was sent to plaintiff's counsel.

## Defendants Move to Compel Plaintiff to Disclose Address of Non-Party Witness and Agree to a Date for Non-Party's Deposition

Defendants have repeatedly asked plaintiff's counsel to agree to a date for the deposition of a non-party witness who is the former girlfriend of plaintiff. Defendants have also asked plaintiff to provide an updated address for the non-party witness, who resided with plaintiff on the date of the incident at issue in this action. But plaintiff has not responded to these requests. However, defendants note that it is possible plaintiff's counsel addressed this issue in his motion for sanctions, but as stated previously, defendants have no idea as they have never read the motion. That said, defendants ask the Court to order plaintiff to provide the address of the non-party witness and for plaintiff's counsel to agree to a date for the deposition of the non-party.

Defendants therefore ask the Court to dismiss plaintiff's motion for sanctions as improperly filed and compel plaintiff to provide an updated address of the non-party witness and agree to a date for the non-party's deposition. Thank you for your consideration herein.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Judith Stein, Esq. **(via ECF)**
*Attorney for Plaintiff*