**DONALD E. CAMERON**
**Attorney At Law**

**139 Fulton Street, Suite 510**
**New York, New York 10038**                                        **(212) 233-3348**

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

March 27, 2017

Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *Benjamin Cruz v. City of New York, et al.*, **16-cv-603 (FB) (ST)**

Dear Judge Tiscione:

Plaintiff opposes Defendants' motion to compel Plaintiff to disclose the current address of Plaintiff's ex-girlfriend.

As stated in my March 13 motion for sanctions: "Mr. Johnson requested in his March 10 email that Plaintiff confirm his ex-girlfriend's current residence.  At his February 13 deposition, Plaintiff answered Mr. Johnson's inquiries by stating in substance he has had nothing to do with his ex-girlfriend since he moved out of their apartment in mid-2016 and he does not know her current whereabouts."  Since March 13 ACC Johnson provided me with a copy of the transcript of Plaintiff's deposition, and I am attaching a copy of relevant page 37 which confirms the foregoing statement.  *See* copies of 2/17 & 3/17 emails, ECF filed under seal on 3/20/17.

In light of Plaintiff's responses at his deposition, I can only conclude that Mr. Johnson's subsequent requests to provide the current address of Plaintiff's ex-girlfriend were not made in good faith.  Plaintiff cannot disclose what he does not know.

Given that Plaintiff has not received all written disclosures from Defendants and that the parties have thus been unable to set deposition dates even for the Defendants, Defendants' counsel's instant request to depose a non-party witness is particularly ill-timed.  Further, since Defendants' counsel has indicated by his repeated inquiries of Plaintiff that he does not know the whereabouts of Plaintiff's ex-girlfriend, her deposition would seem impossible.  I note that over the past few months I have set aside and reserved numerous days on my schedule exclusively for depositions which ultimately do not or cannot take place.  My continuing to provide Defendants' counsel with my good dates for depositions without having yet received full written disclosures would only aggravate the ongoing inefficiency and wastefulness and, given the history of this litigation, would not be a rational way to proceed.

I respectfully request that Your Honor deny Defendants' March 27 motion to compel.

Until I read ACC Johnson's March 27 email, sent at 12:13 p.m., I was unaware that Mr. Johnson, as attorney of record, was not able to view the documents comprising Plaintiff's motion for sanctions which had been filed under seal on March 20.  I certainly would have emailed the sealed documents a week ago if Mr. Johnson had previously made me aware of this issue by email or by phone.  I emailed Mr. Johnson said documents on March 27 shortly after reading his email.  I did not have access to my email during the afternoon of March 27.  *See* 3/27 emails.

Thank you very much for Your Honor's time and consideration.

Respectfully submitted,
/s/
Judith E. Stein (JS4531)
Attorney for Plaintiff Benjamin Cruz

Enclosures: P Dep pp. 1 & 37; 3/27 emails.

2